NOT DESIGNATED FOR PUBLICATION

No. 118,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN KOLLHOFF, Pharm. D.,
*Appellant*,

v.

KANSAS BOARD OF PHARMACY,
*Appellee*.


MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed June 15, 2018. Affirmed.

*Larry G. Michel*, of Kennedy Berkley Yarnevich & Williamson, Chtd., of Salina, for appellant.

*Kevin M. Fowler*, of Frieden, Unrein & Forbes, LLP, of Topeka, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: John Kollhoff appeals the district court's decision upholding the final order of the Kansas Board of Pharmacy (Board) assessing a fine and other penalties against Kollhoff for filing an application to renew his license to practice pharmacy in violation of the provisions of the Kansas Pharmacy Act (KPA). For the reasons stated herein, we affirm the district court's judgment.

1

In July 2005, the Board granted Kollhoff a license to practice pharmacy in Kansas. To continue practicing pharmacy, Kollhoff needed to renew his license biennially before the expiration date, which he had previously done many times. During the relevant time period, Kollhoff's licensure period spanned from July 1, 2013, to June 30, 2015.

Kollhoff missed the June 30, 2015 deadline to renew his license, although he eventually submitted his license renewal application on July 28, 2015. In that late application, Kollhoff certified that he had completed 30 hours of continuing education during the two-year licensure period. Even though the application was untimely, the Board initially awarded Kollhoff a new two-year license.

A few months later, the Board selected Kollhoff's renewal application for auditing. During the audit, the Board discovered that Kollhoff had finished most of his continuing education outside the two-year licensure period ending on June 30, 2015. Specifically, Kollhoff had only completed 9.5 hours of continuing education before June 30, 2015, and he completed the remaining 20.5 hours in July 2015.

Based on the audit, the Board issued a summary order on December 16, 2015, assessing a fine against Kollhoff in the amount of $2,100 ($100 for each hour or partial hour of continuing education not completed by June 30, 2015) and requiring him to complete 84 additional hours of continuing education (4 hours for each hour or partial hour not completed by June 30, 2015) within 30 days or his license would be placed on inactive status. In the summary order, the Board found that Kollhoff violated the KPA by not completing his continuing education requirements in the time allotted by regulation. The summary order did not find that Kollhoff fraudulently renewed his license.

2

Kollhoff requested a hearing to challenge the summary order. At the hearing, the Board established that Kollhoff completed most of his continuing education requirements after the deadline. The Board further established that Kollhoff knew the date of the deadline, but he believed he would be granted a grace period up to July 31, 2015.

Kollhoff represented himself at the hearing and testified on his own behalf. During Kollhoff's testimony, the Board objected to his testimony about any facts related to a fraudulent renewal of his license because the summary order contained no such finding. The administrative law judge (ALJ) sustained the objection and instructed Kollhoff to restrict his testimony to the findings in the summary order. After the hearing, Kollhoff, still pro se, submitted a brief and argued that the Board was improperly applying the law and ignoring its governing statutes. The thrust of Kollhoff's argument before the agency was that the Board misinterpreted the law in finding that Kollhoff was required to complete his continuing education requirements before June 30, 2015.

In a final order filed on September 23, 2016, the Board affirmed the findings of the summary order while also assessing costs to Kollhoff in the amount of $4,407. The Board upheld the summary order on three separate legal grounds: (1) that Kollhoff renewed his license by fraudulent means in violation of K.S.A. 65-1627(a)(1); (2) that Kollhoff failed to comply with the provisions of the KPA in violation of K.S.A. 65-1627(a)(8); and (3) that Kollhoff failed to comply with the requirements of the Board relating to continuing education of pharmacists in violation of K.S.A. 65-1627(a)(9).

Following the Board's denial of his petition for reconsideration, Kollhoff, now represented by counsel, filed a petition for judicial review. In his petition, Kollhoff asserted that the Board erroneously interpreted or applied the law in making its final order. He also asserted that the Board's decision was unreasonable, arbitrary, and capricious. The Board filed an answer to Kollhoff's petition for judicial review, denying that he was entitled to any relief from the Board's final order.

Kollhoff later filed a memorandum in support of his petition for judicial review. In the memorandum, Kollhoff argued that the Board misinterpreted the law that regulates the renewal of licenses for pharmacists including the deadline for Kollhoff to complete his continuing education requirements. He also argued that the Board acted without legal authority when it imposed the fine, costs, and additional continuing education hours and that these penalties were unreasonable, arbitrary, and capricious. Kollhoff requested that the court vacate the assessment of the penalties included in the Board's final order.

The Board filed a memorandum in opposition to Kollhoff's petition and argued that its final order did not erroneously interpret or apply any provisions of the KPA or its implementing regulations. The Board also argued that Kollhoff's claims that the Board acted without legal authority when it imposed the fine, costs, and additional continuing education hours and that the penalties were unreasonable, arbitrary, and capricious should not be addressed by the court because these claims were not raised before the Board.

The district court held a hearing on June 6, 2017, during which the parties argued their respective positions. The district court took the case under advisement and stated that it would rule on the issues based on the administrative record, the briefs, and the arguments of counsel.

On June 29, 2017, the district court filed its memorandum decision and ruled in the Board's favor. After concurring with the Board's factual findings, the district court determined that the Board did not misinterpret the law in making its final order. In reaching this decision, the district court specifically agreed with the Board's finding that Kollhoff had fraudulently renewed his license. As to Kollhoff's claims that the Board acted without legal authority when it imposed the fine, costs, and additional continuing education hours and that these penalties were unreasonable, arbitrary, and capricious, the district court ruled that Kollhoff failed to preserve these arguments for judicial review because he never raised them at the administrative level. Kollhoff timely appealed.

4

ANALYSIS

On appeal, Kollhoff contends that the district court erred in its interpretation and application of the law. In particular, he argues that the district court, as well as the Board, erred when it determined that he obtained his license renewal in a fraudulent manner in violation of K.S.A. 65-1627(a)(1). Kollhoff also contends that the district court erred in refusing to address his arguments that the Board acted without legal authority when it imposed the fine, costs, and additional continuing education hours and that these penalties were unreasonable, arbitrary, and capricious.

The Board argues that the district court properly denied Kollhoff's petition for judicial review because the Board did not misinterpret the law in making its final order. The Board also asserts that the district court properly ruled that Kollhoff failed to preserve his additional arguments about the fine, costs, and continuing education hours because he never made these arguments at the administrative level.

As the party challenging the agency's actions, Kollhoff has the burden of proving that the Board's actions were invalid. See K.S.A. 2017 Supp. 77-621(a)(1); *In re Equalization Appeal of Wagner*, 304 Kan. 587, 597, 372 P.3d 1226 (2016). With this appeal involving a Kansas administrative agency, the Kansas Judicial Review Act (KJRA) defines the scope of judicial review of the Board's actions. See K.S.A. 2017 Supp. 77-603(a); *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 458, 284 P.3d 337 (2012). While the KJRA limits what is reviewable by courts, whether the Board erroneously interpreted or applied the law is reviewable. K.S.A. 2017 Supp. 77-621(c)(4). When this court interprets a statute or an administrative regulation, it has de novo review. See *In re Tax Appeal of BHCMC*, 307 Kan. 154, 161, 408 P.3d 103 (2017). Finally, this court initially attempts to interpret statutes through the statute's plain language, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

5

Beginning with the relevant statutes that regulate the pharmacy profession, the Legislature has determined that pharmacy licenses are valid for two years, requiring renewal biennially, and it has conferred on the Board the responsibility of determining the expiration date. See K.S.A. 2017 Supp. 65-1632(a)-(b). To renew a license, K.S.A. 2017 Supp. 65-1632(d) mandates that pharmacists pay a renewal fee and that pharmacists complete a minimum amount of continuing education within the two-year licensure period. The Board set the continuing education requirement at 30 hours, which "shall be required for renewal during each licensure period" ending on the June 30 expiration date of each license. K.A.R. 68-1-1b(a) and (b) (2014 Supp.).

When a pharmacist fails to complete the continuing education requirements as required by law or commits any violation under the KPA, the Board has the authority to discipline the pharmacist. See K.S.A. 2017 Supp. 65-1627. K.S.A. 2017 Supp. 65-1627(a) states, in relevant part:

"(a) The board may revoke, suspend, place in a probationary status or deny an application or renewal of any license of any pharmacist upon a finding that:

(1) The licensee has obtained, renewed or reinstated, or attempted to obtain, renew or reinstate, a license by false or fraudulent means, including misrepresentation of a material fact;

. . . .

(8) the licensee has violated any of the provisions of the pharmacy act of the state of Kansas or any rule and regulation adopted by the board pursuant to the provisions of such pharmacy act;

(9) the licensee has failed to comply with the continuing education requirements of the board for license renewal."

With this legal overview in mind, we agree with Kollhoff that the Board and the district court erred in finding that Kollhoff obtained his renewal license by fraudulent means. In the summary order, the Board found that Kollhoff violated the KPA by not completing his continuing education requirements by June 30, 2015. The summary order

6

did not find that Kollhoff fraudulently renewed his license. At the administrative hearing, the ALJ instructed Kollhoff to restrict his testimony to the findings in the summary order. Our Supreme Court has generally fastened a scienter requirement to prove fraud. See *Alires v. McGehee*, 277 Kan. 398, 403, 85 P.3d 1191 (2004); *Gerhardt v. Harris*, 261 Kan. 1007, 1013, 934 P.2d 976 (1997). Here, there was never any evidence that Kollhoff intended to deceive the Board by filing a renewal application he knew to be false.

Even so, there remains additional overlapping grounds to uphold the Board's final order because Kollhoff did violate the KPA by failing to comply with the continuing education requirements. The evidence established that Kollhoff failed to obtain his continuing education within the proper time period and he was not entitled to any grace period. Prior to July 1, 2014, K.S.A. 65-1632(f) provided, in pertinent part:

> "If the renewal fee for any pharmacist's license has not been paid by August 1 of the renewal year, the license is hereby declared void, and no license shall be reinstated except upon payment of any unpaid renewal fee plus a penalty fee fixed by the board as provided in K.S.A. 65-1645 and amendments thereto and proof satisfactory to the board of compliance with the continuing education requirements fixed by the board."

As the Board acknowledged in its final order, this statutory language had been interpreted to afford Kansas pharmacists a grace period through July in which to submit a renewal application and renewal fee before their license would become inoperative. However, effective July 1, 2014, the Kansas Legislature repealed, amended, and reenacted K.S.A. 65-1632(f) to eliminate the July grace period for license renewal. See L. 2014, ch. 49, §§ 3(f), 11; K.S.A. 2017 Supp. 65-1632(f).

Here, Kollhoff did not obtain 30 hours of continuing education within the applicable time period and, despite what he may have believed, he was not entitled to a one-month grace period to complete the requirement. As a result of this violation, the Board was authorized to assess a civil fine against Kollhoff not to exceed $5,000. See

7

K.S.A. 65-1658. We conclude that Kollhoff is not entitled to any relief from the Board's final order on the ground that the Board and the district court misinterpreted the law about the deadline for Kollhoff to complete his continuing education requirements.

Next, Kollhoff claims that the Board acted without legal authority when it imposed the fine, costs, and additional continuing education hours and that these penalties were unreasonable, arbitrary, and capricious. Kollhoff argues that the district court erred in ruling that he failed to preserve these arguments for judicial review because he never raised them at the administrative level. In ruling that Kollhoff failed to preserve these arguments for judicial review, the district court stated:

> "The Plaintiff [Kollhoff] . . . sets forth that the Defendant did not properly assess disciplinary or remedial sanctions against the Plaintiff under the applicable provisions of the Kansas Pharmacy Act, and further, that their final order was unreasonable, arbitrary and capricious. These issues are new to this case. Neither of these issues were argued by the Plaintiff at any stage prior to the Petition for Review of Agency Action. . . . The record is absolutely void of the Plaintiff questioning or arguing that either the civil fine of $2,100.00 or the additional 84 hours of continuing education, were improper and without foundation. The record is further void of any indication that the Plaintiff argues that the summary order or the order of September 23, 2016, was unreasonable, arbitrary or capricious."

In an appeal from a decision by an administrative agency, a party is limited to the issues raised at the administrative hearing. K.S.A. 2017 Supp. 77-617; *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 411, 204 P.3d 562 (2009). In his appellate brief, Kollhoff does not squarely address the district court's finding that he failed to preserve his remaining arguments for judicial review because he never raised these issues at the administrative level. Instead, Kollhoff seems to argue only that he properly exhausted his administrative remedies, which was never disputed. In doing so, Kollhoff suggests that the exhaustion requirements apply to procedures, not issues.

Here, the thrust of Kollhoff's argument before the agency was that the Board misinterpreted the law in finding that Kollhoff was required to complete his continuing education requirements before June 30, 2015. Kollhoff did not argue at the administrative level that the Board exceeded its legal authority in assessing the fine and costs to him and ordering him to complete additional continuing education hours. He also never argued that the Board's decision on the fine, costs, and additional continuing education was unreasonable, arbitrary, and capricious. Kollhoff failed to make these arguments at the administrative hearing, in his administrative brief filed on June 21, 2016, and in his petition for reconsideration filed on October 4, 2016. As the district court pointed out, Kollhoff was placed on notice of the disciplinary action and remedial sanctions as early as December 16, 2015, as they were set forth in the summary order.

Kollhoff argued for the first time in district court that the Board acted without legal authority when it imposed the fine, costs, and additional continuing education hours and that these penalties were unreasonable, arbitrary, and capricious. Based on K.S.A. 2017 Supp. 77-617, we agree with the district court that Kollhoff failed to preserve these arguments for judicial review because he never raised them at the administrative level.

Affirmed.

9